IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-311-FL

| | |
|---|---|
| JASPER SMITH III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-18 & 22). The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-18) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for supplemental security income on October 20, 2008, alleging disability beginning December 31, 2006. (Tr. 9). His claim was denied initially and upon reconsideration. *Id*. A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated February 18, 2011. *Id*. at 9-18. The Social Security Administration's Office of Disability Adjudication and Review denied Plaintiff's

request for review on April 6, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 2. Plaintiff filed the instant action on June 6, 2012. (DE-7).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which

establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 20, 2008. (Tr. 11). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) status post right foot surgery (hammertoe and bunion repair); 2) blind left eye; 3) status post gunshot wound with degenerative joint disease of the left hip; 4) hypertension; and 5) mood disorder. *Id*. However, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id*. at 12. Specifically, the ALJ found that Plaintiff had:

> the capacity to lift and carry up to 10 pounds. The claimant has the capacity to push and pull up to the weight capacity for lifting and carrying. The claimant has the capacity to stand and walk up to 2 hours in an 8-hour work day and has the capacity to sit up to 6 hours in an 8-hour work day, with the ability to alternate between sitting and standing every 30 to 45 minutes. He is limited to no climbing and only occasional balancing, crawling, or crouching. Moreover, he must avoid concentrated exposure

> to hazards and any job must not require good depth perception. Finally, he is limited to performing simple, routine, repetitive tasks with only routine changes in his work environment.
>
> *Id*. at 12-13.

The ALJ then found that Plaintiff had no past relevant work. *Id*. at 16. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 17-18. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 18.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. 2012), *Report and Recommendation Adopted by*, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence.

Plaintiff's assignments of error essentially contend that the ALJ incorrectly weighed the evidence, and that the ALJ's determinations were not supported by substantial evidence. In short, Plaintiff generally requests that this Court re-weigh the evidence in his favor. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are without merit. As noted above, each of the ALJ's findings were supported by substantial evidence. Nonetheless, the undersigned shall now address Plaintiff's assignments of error in turn.

4

**The ALJ properly evaluated the opinion of Dr. Francisco Castillos**

Plaintiff argues that the "ALJ erred in failing to give controlling weight to the opinion of [Dr. Francisco Castillos]." (DE-18-1, pg. 6). An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.* *See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. 2009). Nonetheless, the ALJ's decision

5

"must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. 2011), *Report and Recommendation Adopted by*, 2011 WL 3157150.

Here, the ALJ followed these standards. Dr. Castillos completed a medical source statement form on September 22, 2010. *Id*. at 141-144. He noted that Plaintiff had been diagnosed with, *inter alia*, osteoarthritis of the left hip and suffered from severe left hip pain. *Id*. at 141. Dr. Castillos indicated that Plaintiff had reduced range of motion in his left hip and an abnormal gait. *Id*. In addition, Dr. Castillos opined that Plaintiff could stand or walk for a maximum of 15 minutes before alternating postures, sitting or lying down. *Id*. at 142. He also indicated that Plaintiff could stand or walk for no longer than one hour in an eight hour workday. *Id*. According to Dr. Castillos, Plaintiff could: 1) occasionally lift no more than 1-5 pounds; 2) occasionally balance; and 3) never stoop. *Id*. Dr. Castillos also stated that Plaintiff would require a cane to aid him in both walking and standing on any surface. *Id*. at 143.

With regard to this statement, the ALJ made the following findings:

> Little weight is afforded the opinion of Dr. Castillos, as it is wholly inconsistent with his treatment records and physical exam findings. At all times, Dr. Castillos' records reported that the claimant's gait was intact without neurologic deficits. Further, there is no record of the claimant requiring a cane to ambulate. It is unclear whether Dr. Castillos' opinion is based solely on the claimant's subjective complaints, however, there is no basis for such extreme limitations in the objective findings on examination.
>
> *Id*. at 16.

The ALJ's findings were supported by substantial evidence. During his physical examinations of Plaintiff, Dr. Castillos consistently indicated that Plaintiff's gait was normal with no neurological deficits. *Id*. at 130, 134, 139, 186, 255. On September 30, 2009, Plaintiff was "doing well [with] no distinct problems" on examination. *Id*. at 186.

In addition, on September 30, 2007, Plaintiff had normal range of motion in his lower extremities. *Id*. at 202. Plaintiff denied an inability to ambulate, bear weight or pain on walking. *Id*. at 200.

Plaintiff's RFC was assessed on June 19, 2009. *Id*. at 171-178. It was determined that Plaintiff had no exertional, postural, manipulative, communicative, or environmental limitations. *Id*. at 172-175

On September 21, 2009, Plaintiff demonstrated normal range of motion in his lower extremities. *Id*. at 188. His gait was also normal. *Id*.

Dr. Alan Cohen assessed Plaintiff's RFC on December 11, 2009. *Id*. at 163-170. He opined that Plaintiff could: 1) occasionally lift 20 pounds; 2) frequently lift 10 pounds; and 3) stand, sit or walk about six hours in an eight hour workday. *Id*. at 164. Plaintiff was assessed with several postural and visual limitations. *Id*. at 165-166. No manipulative, communicative or environmental limitations were noted. *Id*. at 166-167.

In summary, Plaintiff's assignment of error is without merit because the ALJ's findings with regard to Dr. Castillos' opinions were supported by substantial evidence.

**The ALJ properly determined that Plaintiff does not meet Listing 1.02A**

Plaintiff also argues that the ALJ erred in determining the Plaintiff did not meet Listing 1.02A. Listing 1.02 requires, in pertinent part, "major dysfunction . . . of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively . . ."

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02.  Here, the ALJ referred to Listing 1.02 and made a specific finding that Plaintiff could stand and walk up to two hours in an eight hour workday. (Tr. 11-12).  That finding was supported by substantial evidence.  In addition to the evidence that has already been summarized, the ALJ noted that Plaintiff was twice discharged from the hospital and noted to be ambulatory without assistance. *Id*. at 14, 197, 204. On September 21, Plaintiff was observed to be ambulatory with a steady gait. *Id*. at 189.  Finally, the ALJ noted that Plaintiff's daily activities were inconsistent with his alleged limitations. *Id*. at 15, 238.

Plaintiff argues the ALJ "did not fully explain her finding that [Plaintiff] did not meet or equal listing 1.02A . . . [the ALJ] simply made a blanket statement that the listings were considered."  (DE-18-1, pg. 10).  However, "[t]here is no particular language or format that an ALJ must use in his ... analysis as long as there is sufficient development of the record and explanation of the findings to permit meaningful review." Clark v. Commissioner of Social. Security, 2010 WL 2730622, at *17 (E.D. Va. 2010)(citation omitted).  "This Court is required to view the ALJ's decision as a whole rather than to conduct a piecemeal assessment of specific sentences."  Gassaway v. Colvin, 2013 WL 2389894, * 6 (E.D.Va. 2013)(citation omitted).  The ALJ sufficiently articulated her findings and those findings were supported by substantial evidence.  Therefore, this Court this assignment of error is without merit.

**The ALJ properly assessed Plaintiff's credibility and RFC**

Plaintiff contends that the ALJ incorrectly assessed his RFC.  (DE-18-1, pg. 8-9).  To support this argument, Plaintiff relies heavily on his hearing testimony.  During the hearing in this matter, Plaintiff testified that he had not experienced any unusual weight gain or loss during the past few years.  (Tr. 225).  He stated that the pain in his left hip became "excruciating" in 2009.  *Id*. at 229-230.  According to Plaintiff, he began using crutches a year and half before the

hearing. *Id*. at 232. Plaintiff asserted that he could sit for 15 minutes before needing to stand, and stand for 15 minutes before needing to sit. *Id*. at 236. He indicated that he "can't walk." *Id*. at 245. Moreover, Plaintiff testified that he was incapable of lifting any weight. *Id*. at 237. However, he later clarified that he could "probably lift a gallon of milk." *Id*. at 244. He contends that on a typical day he "just walk[s] around doing nothing . . . basically depressed and crying." *Id*. at 237. Furthermore, he stated that he could not complete any household chores. *Id*. at 239.

The ALJ determined that Plaintiff's testimony was not fully credible. *Id*. at 15. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest

9

a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at * 2.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment.

Furthermore, the ALJ properly assessed Plaintiff's RFC. The ALJ's RFC finding and the substantial evidence supporting it has already been summarized. In addition to the previously summarized evidence, the undersigned notes that on November 9, 2009, Plaintiff was examined by Dr. Anthony Carraway. *Id*. at 179. Plaintiff stated that his "energy [was] pretty good." *Id*. His thoughts were logical and goal directed, and no thought disorder was present. *Id*. at 180. Plaintiff's affect was "pleasant." *Id*. at 180. He was diagnosed with, *inter alia*, "mood disorder due to chronic pain with depressive symptoms." *Id*. at 181. Dr. Carraway generally described Plaintiff's resulting limitations as mild. *Id*. at 182. Likewise, Dr. Carraway opined that Plaintiff would be able to properly handle any awarded benefits. *Id*.

The ALJ's RFC "evaluation need only include a narrative discussion describing how medical and non-medical evidence support the ALJ's conclusion." Horton v. Commissioner, Social Sec. Admin., 2013 WL 1953328, * 2 (D.Md. 2013)(citation omitted). Here, the ALJ did

precisely that. As previously noted, the ALJ engaged in a thorough summary of the entire medical record and her RFC findings were supported by citations to that record. This assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-18) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, June 19, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE