IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-311-FL

| | | |
|---|---|---|
| JASPER SMITH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 18, 22).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on October 20, 2008, alleging disability beginning December 31, 2006. This application was denied initially and upon reconsideration. A hearing was held on December 1, 2010, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

dated February 18, 2011. The appeals council denied plaintiff's request for review on April 6, 2012, rendering the ALJ's determination as defendant's final decision. Plaintiff filed the instant action on June 6, 2012.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315
2

(4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since submitting his application on October 20, 2008. At step two, the ALJ found that plaintiff had the following severe impairments: status post right foot surgery (hammertoe and bunion repair); blind left eye; status post gunshot wound with degenerative joint disease of the left hip; hypertension; and mood disorder. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work:

> The claimant has the capacity to lift and carry p to 10 pounds. The claimant has the capacity to push and pull up to the weight capacity for lifting and carrying. The

claimant has the capacity to stand and walk up to 2 hours in an 8-hour work day and has the capacity to sit up to 6 hours in an 8-hour work day, with the ability to alternate between sitting and standing every 30 to 45 minutes. He is limited to no climbing and only occasional balancing, crawling, or crouching. Moreover, he must avoid concentrated exposure to hazards and any job must not require good depth perception. Finally, he is limited to performing simple, routine, repetitive tasks with only routine changes in his work environment.

(Tr. 28). In making this assessment, the ALJ granted little weight to plaintiff's primary care physician, Dr. Francisco A. Castillos, finding Dr. Castillos's opinion inconsistent with his own treatment records and physical exam findings. At step four, the ALJ concluded plaintiff did not have past relevant work. Nonetheless, at step five, upon considering plaintiff's age, education, work experience and RFC, in addition to the testimony of a vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.

B.  Analysis

Plaintiff's sole objection is that the ALJ did not give proper weight to the opinion of Dr. Castillos. Plaintiff argues that Dr. Castillos's opinion was supported by substantial evidence.

Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. By contrast "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p; see also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.

2001) (holding that a treating physician's opinion in entitled to controlling weight *only* if it is supported by clinical and laboratory diagnostic techniques, *and* if it is not inconsistent with other evidence). A treating physician's opinion may be rejected, for example, where the physician's "own medical notes did not confirm his determination of 'disability.'" Craig, 76 F.3d at 590.

Dr. Castillos completed a medical source statement form on September 22, 2010, which found that plaintiff suffered severe left hip pain and arthritis, resulting in abnormal gait. He stated that plaintiff could stand or walk only 15 minutes before he would need to recline for approximately 30 minutes, and that plaintiff could stand or walk for no more than one hour over the course of an eight hour workday. Dr. Castillos also found that plaintiff could lift no more than five pounds and required a cane to walk, that plaintiff would need to be absent from work three times a month, and that plaintiff had suffered restrictions since September 30, 2009.

The ALJ found Dr. Castillos's opinion "wholly inconsistent with his treatment records and physical exam findings." (Tr. 30). This finding was supported by substantial evidence. In repeated visits, Dr. Castillo consistently noted that plaintiff had a normal gait, with no neurological deficits. (Tr. 130, 134, 139, 186, 205). In a medical exam conducted September 30, 2009, plaintiff was assessed to be "doing well" with "no distinct problems." (Tr. 186). In addition, Dr. Castillos's opinion was inconsistent with plaintiff's RFC assessment on December 11, 2009, which found that plaintiff could lift 20 pounds on occasion and 10 pounds frequently, and walk six hours in a workday. (Tr. 164).

To support Dr. Castillos's opinion, plaintiff points to visits he took to Dr. David Dalsimer. In October of 2009, plaintiff entered Dr. Dalsimer's office on crutches and reported significant pain

in his left hip. (Tr. 253). The doctor reported no range of motion in the hip, with chronic changes. (Id.). As the ALJ noted, however, plaintiff never followed the doctor's orders to obtain a hip replacement. Over one year later, plaintiff again reported to Dr. Dalsimer complaining of the same symptoms, and was again directed to seek a joint replacement. (Tr. 252). Nothing in the record indicates that plaintiff ever obtained the recommended treatment. Furthermore, the most recent doctor's notes, from plaintiff's appointments with Dr. Castillos in September and November of 2010, do not provide any indication that plaintiff continued to require crutches or other assistance to walk. (Tr. 128-135).

Plaintiff also notes that he consistently complained of hip pain through his treatment with Dr. Castillos, and that Dr. Castillos prescribed pain medication. Nevertheless, the fact that some evidence supported Dr. Castillos's opinion does not negate that his opinion was inconsistent with substantial other evidence.

The ALJ had substantial evidence in the record to support his decision to grant little weight to the treating physician's opinion. Therefore, the court must overrule this objection.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion for judgment on the pleadings (DE 18), GRANTS defendant's motion for judgment on the pleadings (DE 22), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 2nd day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge